UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| **JOSEPH L. DAVIS**, | ) | **Case No. LA CV 17-08351-VBF-JC** |
| Petitioner, | ) | ORDER |
| v. | ) | Overruling Petitioner's Objections & Adopting Report & Recommendation: |
| FELICIA PONCE, Warden, | ) | Denying the Habeas Corpus Petition, Directing Entry of Separate Judgment, Dismissing Action With Prejudice; and |
| Respondent. | ) | Terminating the Case (JS-6) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 and all records herein, including the March 23, 2018 Report and Recommendation of the Magistrate Judge ("R&R") and petitioner's objections thereto. Respondent did not respond to the objections within the time allotted by the rules.

In his objections at 1-3, petitioner claims for the first time that BOP violated his right to the equal protection of the law by arbitrarily denying him a sentence reduction after he successfully completed BOP's residential drug abuse treatment program ("RDAP").[1]

---

[1] "The BOP has described its RDAP in 28 C.F.R. section 550.53 as involving three components. The first is a unit-based residential program lasting at least six months and requiring

(continued...)

Petitioner cites three purported instances where other inmates have received or will receive a sentence reduction for RDAP completion, notwithstanding that they committed offenses while incarcerated. (Id. at 2). Upon *de novo* review of those portions of the R&R to which petitioner objected, the Court finds no error of law, fact, or logic in the well-reasoned R&R.

**First, the Court has discretion to decline to consider new evidence and arguments presented for the first time in objections, such as petitioner's belated Equal Protection claim.** *See Wentworth v. Madden*, No. SA CV 16-00744-VBF, 2017 WL 5310719, *1 (C.D. Cal. Nov. 13, 2017) (citing, *inter alia*, *Brown v. Roe*, 379 F.3d 742, 744-45 (9th Cir. 2002)). Just as "courts usually do not consider arguments raised for the first time in a reply," *Garcia v. Thor Motor Coach, Inc.*, 2016 WL 9376014, *3 (S.D. Fla. Oct. 13, 2016), *R&R adopted*, 2017 WL 3112818 (S.D. Cal. Jan. 31, 2017), this Court ordinarily refuses to exercise that discretion to consider claims raised for the first time in objections to an R&R. *See, e.g., Woolridge v. Madden*, 2018 WL 1989511, *1 n.1 (C.D. Cal. Apr. 24, 2018) (Selna, J.).

**Second, even if the Court considers petitioner's equal protection claim, he has not shown a basis for this Court to grant habeas relief.** "The Equal Protection Clause of the Fourteenth Amendment commands that no State 'shall deny to any person within its jurisdiction the equal protection of the laws', which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S. Ct. 3249 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216,

---

[1](...continued)
a minimum of 500 hours." *Reyes v. Ledesma*, 2009 WL 1362606, *4 (W.D. Okla. May 14, 2009) (citing 28 C.F.R. § 550.53(a)(1)). There is an interim transitional phase for inmates who must participate in follow-up services at the institution after the inmate successfully completes the unit-based program, "[i]f time allows between completion of the unit-based component of the RDAP and transfer to a community-based program." 28 C.F.R. § 550(a)(2). The third component is the community transitional phase, when the inmate must complete a community-based drug abuse treatment program. *See* 28 C.F.R. § 550(a)(3).

2

102 S. Ct. 2382 (1982)), *cited by Pinkston v. Moore*, 2017 WL 2772107, *7 (C.D. Cal. Mar. 15, 2017), *R&R adopted*, 2017 WL 2766431 (C.D. Cal. June 23, 2017). "The Fourteenth Amendment's Equal Protection Clause applies to the federal government" and its instrumentalities, such as the BOP, "through the Fifth Amendment's Due Process Clause." *Barnes v. Smith*, 2012 WL 2590494, *5 (D. Ariz. July 3, 2012) (citing, *inter alia*, *Bolling v. Sharpe*, 347 U.S. 497, 498-99, 74 S. Ct. 693 (1954)).

**But petitioner has not presented facts tending to demonstrate that he was treated worse from others who were similarly situated to him in material respects, especially as to whether those other inmates had previously been convicted of a felony as petitioner has been.** *See McLean v. Crabtree*, 173 F.3d 1176, 1185-86 (9th Cir. 1999) (an equal protection violation requires a showing that similarly situated people are being treated differently); *Reeb v. Thomas*, 636 F.3d 1224, 1228 n.4 (9th Cir. 2011) (noting same requirement for equal-protection claim in the context of RDAP early-release consideration).

**As explained in the R&R at 6-9, petitioner was denied early release because his prior felony conviction rendered him categorically ineligible for such release under 28 C.F.R. § 550.55(b)(4) and (b)(6).** *See also Peck v. Thomas*, 697 F.3d 767, 772-74 (9th Cir. 2012) (categorical exclusion of inmates with certain prior convictions from RDAP sentence reductions is a valid exercise of BOP discretion).

**For petitioner's sake, the Court will assume *arguendo* that his allegations in the Objections are accurate**, namely that (1) three other inmates have been granted or will be granted early release following RDAP completion; and (2) those inmates have committed offenses while incarcerated (*e.g.*, prison rape, assault on another inmate, unlawful drug use).

**Even so, petitioner has not shown that those inmates are similarly situated to him in material respects.** Petitioner has not alleged facts suggesting that these inmates, like petitioner, are categorically ineligible for early release based on prior convictions, yet have been granted early release anyway. *See Bosworth v. Ponce*, No. LA CV 17-05080-DMG-SS Doc. 15, 2017 WL 6755433, *4 (C.D. Cal. Nov. 9, 2017) ("While Petitioner identifies several inmates who were given sentence reductions [following completion of RDAP], the

BOP determined that none of them were convicted of 18 U.S.C. § 2422(b), [as petitioner had been] . . . . Thus, Petitioner cannot successfully raise an Equal Protection claim."), *R&R adopted*, Doc. 19 (C.D. Cal. Dec. 29, 2017) (Dolly Gee, J.); *accord Hernandez v. Stewart*, 2018 WL 495947, *3 (D. Md. Jan. 19, 2018) (denying section 2241 habeas claim that BOP had violated equal protection by refusing to grant early release under 18 U.S.C. § 3621(e) following successful completion of RDAP, noting "Hernandez has not identified any inmates who have sustained similar convictions and weapons enhancements but were nonetheless deemed eligible for early release. Hernandez's bare allegations of disparate treatment, therefore, are insufficient . . . ."); *contrast Harris v. Cross*, 2014 WL 274127, *2 (S.D. Ill. Jan. 24, 2014) (Herndon, C.J.) (determining that with "very liberal construction", the 70-year-old white habeas petitioner had stated a colorable equal protection claim that the BOP had expelled her from the RDAP program, allegedly for program violations, when it had not expelled other white women over the age of 45 for program violations).

**Thus, petitioner's allegations are insufficient for habeas relief on his challenge to the BOP's individualized determination that he is ineligible for RDAP early release.** *Cf. Sanchez v. Ledesma*, 422 F.3d 735 (10th Cir. 2011) (BOP did not violate prisoner's right to equal protection by enforcing regulation that categorically rendered prisoners ineligible for early release even after completing RDAP if they had been found to have possessed a firearm in the commission of a felony); *Torres v. Chapman*, 359 F. App'x 459 (5th Cir. 2009) (BOP did not violate prisoner's right to equal protection by enforcing regulation that categorically rendered prisoners ineligible for early release even after completing RDAP if they had been found to have been a previously convicted felon in possession a firearm).

## ORDER

Petitioner's objection to the Report and Recommendation **[Doc #9] is OVERRULED**.

The Report and Recommendation **[Doc # 6] is ADOPTED**.

The 28 U.S.C. § 2241 Petition for a writ of habeas corpus **[Doc # 1] is DENIED.**

The action is **DISMISSED** with prejudice & the case is TERMINATED (JS-6).

4

Final judgment consistent with this Order shall be entered separately.

This is a final and immediately appealable Order. "As a federal prisoner proceeding under 28 U.S.C. § 2241, Petitioner is not required to obtain a certificate of appealability ('COA') in order to appeal to the United States Court of Appeals in this case."[2]

IT IS SO ORDERED.

Dated: May 8, 2018

_____
Honorable Valerie Baker Fairbank
Senior United States District Judge

---

[2] *Fiorito v. Entzel*, 2018 WL 702834, *1 (C.D. Cal. Feb. 1, 2018) (citing, *inter alia*, *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) (holding that the plain language of 28 U.S.C. § 2253(c)(1) does not require *federal* prisoners bringing § 2241 actions to obtain a COA unless the putative 2241 petition "is merely a 'disguised' § 2255 petition")). "'Our circuit interprets § 2253 to require only habeas petitioners in custody pursuant to a *state-court* judgment to obtain a COA before appealing a final order denying a section 2241 claim.'" *Khan v. Langford*, No. LA CV 17-02750-VBF-KES Doc. 17 (C.D. Cal. Mar. 8, 2018) (Fairbank, J.) (citing *Harrison*, 519 F.3d at 958).